**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BREWFAB, LLC,

    Plaintiff,

vs.	CASE NO.: 8:20-cv-2031

3 DELTA, INC. and
GEORGE RUSSO, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, BrewFab, LLC (hereinafter, "BrewFab"), by and through its undersigned counsel, sues the Defendants, 3 Delta, Inc. (hereinafter, "3 Delta") and George Russo (hereinafter, "Russo") and alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for damages in excess of seventy-five thousand dollars ($75,000), excluding interest, attorney's fees and costs.

2. BrewFab is a Florida Limited Liability Company with its principal place of business located at 2300 31st Street North, St. Petersburg, FL 33713. The two members of BrewFab, Rick Cureton and Kyle Cureton, are citizens of Florida.

3. 3 Delta is a Nevada corporation with its principal place of business in Reno, Nevada.

4. George Russo is an individual over eighteen (18) years of age and a citizen of Livermore, California.

1

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

6. The Court has personal jurisdiction over 3 Delta and Russo pursuant to Fla. Stat. § 48.193(1)(a) and because this lawsuit arises out of or relates to Defendants' business relationship with BrewFab, a Florida LLC and citizen; this lawsuit arises out of conduct and events that occurred in Florida; and the exercise of personal jurisdiction over Defendants' in Florida does not violate the Due Process Clause of the United States Constitution.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district, and because a substantial part of the property that is the subject of the action is situated in this district.

## FACTUAL ALLEGATIONS

8. BrewFab is a full service brewery equipment provider and metal fabricator with experience in stainless steel fabrication, manufacturing, and finishing. BrewFab offers a wide range of custom stainless steel fabrication services.

9. 3 Delta is engaged in the business of manufacturing, researching, developing and creating various mechanical, chemical, food, medical and nutraceutical technologies and products for licensing, sale, distribution and marketing under its own labels or under private labels for others.

10. Russo is the President and/or a Director of 3 Delta.

11. On or about July 2018, 3 Delta contacted BrewFab for the purpose of having BrewFab custom manufacture equipment for the extraction of CBD Oil.

12. 3 Delta and BrewFab entered into an oral agreement for BrewFab to custom manufacture the requested equipment for 3 Delta.

13. Starting on December 3, 2019, BrewFab submitted the following invoices to 3 Delta for payment: **(1)** Invoice 714 for $68,600.17; **(2)** Invoice 725 for $76,501.16; **(3)** Invoice 732 for $18,123.55; **(4)** Invoice 736 for $19,007.55; **(5)** Invoice 737 for $28,081.56; **(6)** Invoice 742 for $33,039.50; **(7)** Invoice 746 for $56,734.03; **(8)** Invoice 753 for $31,672.72; **(9)** Invoice 757 for $14,925.25; **(10)** Invoice 788 for $4,000; **(11)** Invoice 83 for $9,532.16; and **(12)** Invoice 84 for $5,621.41. *See* **Composite Exhibit A**, attached hereto (collectively, the "Invoices").

14. BrewFab has completed the manufacture of all of the equipment requested by 3 Delta and has delivered the majority of the completed equipment to 3 Delta.

15. Despite ordering this custom equipment and accepting delivery of a significant amount of the equipment, 3 Delta has not paid any of BrewFab's invoices, including invoices for interest and storage of the equipment manufactured for 3 Delta. Thus, the total invoice amount of $365,839.06 remains unpaid and outstanding and continues to incur interest and other charges.

16. On or about January 2020, BrewFab informed 3 Delta that it would not ship any additional equipment to 3 Delta until outstanding invoices were paid.

17. On January 30, 2020, Russo guaranteed payment of the invoices, both past and future. *See* **Exhibit B**, attached hereto. Michael Zumpano, 3 Delta's Treasurer and/or a

Director, and Michael Turcott, a 3 Delta Director, were copied on the guarantee communication and, upon information and belief, were aware of this guarantee made by Russo to BrewFab. *Id.*

18. BrewFab would not have shipped any additional equity to BrewFab if Russo did not fully guaranty 3 Delta's obligation to BrewFab.

19. Following receipt of the guarantee from Russo, BrewFab shipped the majority of the remaining equipment it was holding to 3 Delta.

20. Despite shipping this additional equipment, both 3 Delta and Brewer failed to satisfy their obligations and pay the amounts due and owing under the Invoices.

21. BrewFab has fulfilled its obligations and fully performed pursuant to the agreement between the parties and is entitled to receive liquidated damages of $365,839.06. BrewFab has repeatedly demanded payment of the outstanding invoices but, to date, Defendants have failed to remit payment.

22. All conditions precedent to this action have occurred or been waived.

## COUNT I
### BREACH OF CONTRACT – 3 DELTA

23. BrewFab incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

24. BrewFab and 3 Delta entered into a valid and enforceable contract for the manufacture of certain custom equipment in exchange for the payment of money.

25. BrewFab fully performed under the contract by providing the agreed upon services.

26. 3 Delta has materially breached the contracts by refusing to timely remit payment to BrewFab for the Invoices.

27. BrewFab has suffered damages as a direct result of 3 Delta's breach of contract.

WHEREFORE, Plaintiff BrewFab, LLC demands judgment against Defendant 3 Delta, Inc. for damages, interest, costs, and such other relief as the Court deems just and proper.

## COUNT II
### BREACH OF GUARANTY – RUSSO

28. BrewFab incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

29. On January 30, 2020, Russo personally promised to pay BrewFab in full all outstanding Invoices and all agreed upon work done for 3 Delta in the future. *See* **Ex. B**.

30. Russo is therefore jointly and severally liable for all of the obligations of 3 Delta pursuant to the Invoices.

31. BrewFab fully performed under the contract by providing the agreed upon services to 3 Delta.

32. 3 Delta has materially breached the contracts by refusing to timely remit payment to BrewFab for the Invoices.

33. As a result of 3 Delta's material breach, Russo is obligated to pay BrewFab the amounts due and owing under the Invoices pursuant to his guaranty.

34. Russo has materially breached his guaranty by refusing to timely remit payment to BrewFab for the Invoices.

35. BrewFab has suffered damages as a direct result of Russo's breach of his guaranty.

WHEREFORE, Plaintiff BrewFab, LLC demands judgment against Defendant George Russo for damages, interest, costs, and such other relief as the Court deems just and proper.

## COUNT III
### ACCOUNTS STATED – 3 DELTA

36. BrewFab incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

37. BrewFab and 3 Delta had transactions between them and BrewFab periodically billed 3 Delta for these transactions in the regular course of business.

38. 3 Delta, being indebted to BrewFab upon accounts stated between them, promised to pay BrewFab upon demand.

39. 3 Delta did not dispute the accounts stated by BrewFab.

40. 3 Delta has failed to pay the balance due and owing to BrewFab, thereby resulting in damages to BrewFab.

WHEREFORE, Plaintiff BrewFab, LLC demands judgment against Defendant 3 Delta, Inc. for damages, interest, costs, and such other relief as the Court deems just and proper.

## COUNT IV
### ALTERNATIVE CLAIM FOR UNJUST ENRICHMENT – 3 DELTA

41. BrewFab incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

42. By performing the custom manufacturing services requested by 3 Delta, BrewFab conferred a benefit on 3 Delta.

43. 3 Delta has knowledge of the benefit conferred on it by BrewFab.

44. 3 Delta has knowingly and voluntarily accepted and retained the benefit conferred on it by BrewFab.

45. 3 Delta has failed to pay the reasonable or fair value for the benefit conferred by BrewFab.

46. The circumstances are such that it would be inequitable for 3 Delta to retain such benefit without paying its fair value.

WHEREFORE, Plaintiff BrewFab, LLC demands judgment against Defendant 3 Delta, Inc. for damages, interest, costs, and such other relief as the Court deems just and proper.

## COUNT V
### ALTERNATIVE CLAIM FOR QUANTUM MERUIT – 3 DELTA

47. BrewFab incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

48. By performing the custom manufacturing services requested by 3 Delta, BrewFab conferred a benefit on 3 Delta.

49. 3 Delta has knowledge of the benefit conferred on it by BrewFab.

50. 3 Delta has knowingly and voluntarily accepted and retained the benefit conferred on it by BrewFab.

51. 3 Delta understood that BrewFab expected to be paid for its services.

52. 3 Delta has failed to pay a reasonable or fair value for the benefit conferred by BrewFab.

53. The circumstances are such that it would be inequitable for 3 Delta to retain such benefit without paying fair value for it.

WHEREFORE, Plaintiff BrewFab, LLC demands judgment against Defendant 3 Delta, Inc. for damages, interest, costs, and such other relief as the Court deems just and proper.

*/s/ Rocco Cafaro*
Rocco Cafaro
Florida Bar No. 0507121
Rocco.Cafaro@hwhlaw.com
Tracy.Coale@hwhlaw.com
Nicole D.D. Walsh
Florida Bar No. 0111961
Nicole.Walsh@hwhlaw.com
Anna.Mukhova@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida 33602
Telephone: (813) 221-3900
Facsimile: (813) 221-2900
*Attorneys for Plaintiff*
