```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
```

BREWFAB, LLC,

    Plaintiff,
v.                                Case No. 8:20-cv-2031-VMC-SPF

3 DELTA, INC., and
GEORGE RUSSO,

    Defendants.
_____/

## ORDER

This matter comes before the Court upon consideration of Plaintiff and Counterclaim-Defendant BrewFab, LLC, and Third-Party Defendant Rick Cureton's Motion to Dismiss (Doc. # 41), and Motion to Strike (Doc. # 40), both filed on January 8, 2021. Defendant, Counterclaimant, and Third-Party Plaintiff 3 Delta, Inc., responded to both Motions on January 22, 2021. (Doc. ## 44, 45). For the reasons set forth below, the Motion to Dismiss is granted in part and the Motion to Strike is denied without prejudice.

**I.   Background**

The underlying complaint in this case arose out of BrewFab and 3 Delta's business relationship. (Doc. # 30 at ¶ 11). BrewFab is a "brewery equipment provider and metal fabricator" and 3 Delta is "in the business of manufacturing,

1

researching, developing and creating various mechanical, chemical, food, medical and nutraceutical technologies and products." (Id. at ¶¶ 8-9). In the underlying suit, BrewFab alleges that 3 Delta and its president, Defendant George Russo, breached an agreement regarding the manufacture of certain equipment. (Id. at ¶ 11).

In response to the initial complaint, 3 Delta filed a counterclaim against BrewFab. (Doc. # 16). BrewFab then amended its complaint (Doc. # 30), and 3 Delta filed an amended counterclaim against BrewFab and a third-party complaint against Rick Cureton, one of BrewFab's managing members. (Doc. # 36 at ¶¶ 1-3). The amended counterclaim and third-party complaint include the following claims: breach of contract/warranty against BrewFab (Count I), conversion against BrewFab and Cureton (Count II), tortious interference with business relationship against BrewFab and Cureton (Count III), and breach of contract against BrewFab (Count IV).

On January 8, 2021, BrewFab and Cureton moved to strike 3 Delta's requests for punitive damages from its amended counterclaim and third-party complaint. (Doc. # 40). That day, BrewFab and Cureton also moved to dismiss the amended counterclaim and third-party complaint. (Doc. # 41). 3 Delta responded to both Motions on January 22, 2021 (Doc. ## 44;

2

45), and they are now ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the counterclaim and third-party complaint and construes them in the light most favorable to the counterclaimant and third-party plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the counterclaimant and third-party plaintiff with all reasonable inferences from the allegations in the counterclaim and third-party complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a [counterclaim and third-party complaint] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [counterclaimant and third-party plaintiff's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations and citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The

3

Court must limit its consideration to "well-pleaded factual allegations, documents central to or referenced in the [counterclaim and third-party complaint], and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike are considered drastic remedies, and are thus disfavored by courts. See Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Indeed, they are generally denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Agan v. Katzman & Korr, P.A., 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004) (citations omitted).

### III. Analysis

BrewFab and Cureton move to dismiss the amended counterclaim and third-party complaint, and to strike 3 Delta's requests for punitive damages from both pleadings. (Doc. ## 40; 41). The Court will address each Motion in turn.

#### A. Motion to Dismiss

BrewFab and Cureton move to dismiss the amended

4

counterclaim and third-party complaint on a number of a bases. (Doc. # 41). Because the Court agrees that the amended counterclaim and third-party complaint constitute shotgun pleadings, it need only address this argument.

"A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1126-27 (11th Cir. 2014) (footnotes omitted). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23

(11th Cir. 2015).

This analysis applies equally to counterclaims and third-party complaints. See, e.g., CEMEX Constr. Materials Fla., LLC v. Armstrong World Indus., Inc., No. 3:16-cv-186-MMH-JRK, 2016 WL 9383319, at *1-2 (M.D. Fla. Mar. 4, 2016) (sua sponte dismissing a counterclaim as a shotgun pleading); Boardwalk Fresh Burgers & Fries, Inc. v. Wang, No. 8:19-cv-2527-VMC-CPT, 2021 WL 372825, at *3 (M.D. Fla. Feb. 3, 2021) (dismissing a third-party complaint as shotgun pleading). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

BrewFab and Cureton argue that Counts II and III improperly commingle the allegations against them, thus constituting shotgun claims. (Doc. # 41 at 6-8). However, the Court finds that the *entire* counterclaim and third-party complaint must be dismissed as a shotgun pleading because they fall within the first category identified in Weiland. Counts II, III, and IV roll all preceding allegations into every count. (Doc. # 36 at ¶¶ 13, 18, 25). Indeed, each of these counts state: "3-Delta incorporates all prior allegations as if set forth in full." (Id.). This is

impermissible. See Weiland, 792 F.3d at 1322 (identifying "a complaint containing multiple counts where each count adopts the allegations of all preceding counts" as a shotgun pleading).

Because the amended counterclaim and third-party complaint are shotgun pleadings, "repleader is necessary and the Court need not delve into the merits of the claims at this juncture." Madak v. Nocco, 8:18-cv-2665-VMC-AEP, 2018 WL 6472337, at *3 (M.D. Fla. Dec. 10, 2018). Accordingly, the Motion is granted in part and the amended counterclaim and third-party complaint are dismissed without prejudice. The Court grants 3 Delta's request for leave to file a second amended counterclaim and amended third-party complaint. (Doc. # 44 at 7).

### B. Motion to Strike

Because the Court has already dismissed the amended counterclaim and third-party complaint as shotgun pleadings, the Court denies the Motion to Strike without prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff and Counterclaim-Defendant BrewFab, LLC, and Third-Party Defendant Rick Cureton's Motion to Dismiss Amended Counterclaim and Third-Party Complaint (Doc. #

7

        41) is **GRANTED** in part. The Motion to Strike (Doc. # 40) is **DENIED** without prejudice.

(2) The amended counterclaim and third-party complaint (Doc. # 36) are **DISMISSED** as shotgun pleadings.

(3) 3 Delta, Inc., may file a second amended counterclaim and amended third-party complaint by **April 9, 2021.**

        **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of March, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE