UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BREWFAB, LLC,

    Plaintiff,
v.                          Case No. 8:20-cv-2031-VMC-SPF

3 DELTA, INC.,
and GEORGE RUSSO,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff and Counterclaim-Defendant BrewFab, LLC, and Third-Party Defendant Rick Cureton's Motion to Dismiss (Doc. # 50), and Motion to Strike (Doc. # 51), both filed on April 20, 2021. Defendant, Counterclaimant, and Third-Party Plaintiff 3 Delta, Inc., responded to both Motions on May 4, 2021. (Doc. ## 54; 55). For the reasons below, both Motions are denied.

**I.    Background**

The underlying complaint in this case arose out of BrewFab and 3 Delta's business relationship. (Doc. # 30 at ¶ 11). BrewFab is a "brewery equipment provider and metal fabricator" and 3 Delta is "in the business of manufacturing, researching, developing and creating various mechanical, chemical, food, medical and nutraceutical technologies and

1

products." (Id. at ¶¶ 8-9). In the underlying suit, BrewFab alleges that 3 Delta and its president, Defendant George Russo, breached an agreement regarding the manufacture of certain equipment. (Id. at ¶ 11).

In response to the initial complaint, 3 Delta filed a counterclaim against BrewFab on October 27, 2020. (Doc. # 16). BrewFab then amended its complaint (Doc. # 30), and 3 Delta filed an amended counterclaim against BrewFab and a third-party complaint against Rick Cureton, one of BrewFab's managing members. (Doc. # 36 at ¶¶ 1-3). On March 26, 2021, the Court dismissed the amended counterclaim and third-party complaint as a shotgun pleading, granting leave to amend. (Doc. # 48). On April 9, 2021, 3 Delta filed a second amended counterclaim and amended third-party complaint. (Doc. # 49).

The second amended counterclaim and amended third-party complaint include the following claims: breach of contract/warranty against BrewFab (Count I), conversion against BrewFab and Cureton (Count II), tortious interference with business relationship against BrewFab and Cureton (Count III), and breach of contract against BrewFab (Count IV). (Id. at ¶¶ 6-33). Now, BrewFab and Cureton move to dismiss Counts II and III of the second amended counterclaim and amended third-party complaint and to strike 3 Delta's request for

2

punitive damages. (Doc. ## 50; 51).3 Delta has responded to both Motions (Doc. ## 54; 55), and they are ripe for review.

## II. Legal Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the counterclaim and third-party complaint and construes them in the light most favorable to the counterclaimant and third-party plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the counterclaimant and third-party plaintiff with all reasonable inferences from the allegations in the counterclaim and third-party complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a [counterclaim and third-party complaint] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a [counterclaimant and third-party plaintiff's] obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations and citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual

3

allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to "well-pleaded factual allegations, documents central to or referenced in the [counterclaim and third-party complaint], and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike are considered drastic remedies, and are thus disfavored by courts. See Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002). Indeed, they are generally denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Agan v. Katzman & Korr, P.A., 328 F. Supp. 2d 1363, 1367 (S.D. Fla. 2004) (citations omitted).

### III. Analysis

BrewFab and Cureton move to dismiss Counts II and III of the second amended counterclaim and amended third-party complaint, and to strike the request for punitive damages. (Doc. ## 50; 51). The Court will address each Motion in turn.

A. **Motion to Dismiss**

In the Motion to Dismiss, BrewFab and Cureton ask the Court to dismiss Counts II and III "as improper attempts to pierce the corporate veil." (Doc. # 50 at 3). In the alternative, BrewFab and Cureton move for dismissal of those counts as shotgun pleadings, or for a more definite statement. (Id.). 3 Delta responds that "Cureton's liability rests on allegations that he personally participated in the alleged tortious conduct," and 3 Delta "therefore need not include veil-piercing allegations to state a claim against him." (Doc. # 54 at 6). 3 Delta further argues that Counts II and III are not shotgun pleadings. (Id.).

To pierce the corporate veil under Florida law, the plaintiff must allege the following three elements: "(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence[] was in fact non-existent and the shareholders were in fact alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1349 (11th Cir. 2011) (emphasis and citations omitted); see also Wholesale Stone, LLC v. Stone-

5

Mart Marble & Travertine Grp. LLC, No. 13-24342-CIV-ALTONAGA, 2014 WL 11906611, at *4 (S.D. Fla. Mar. 10, 2014) ("When complaints 'are attacked via motion to dismiss, it has been held that the complaint attempting to pierce the corporate veil must allege facts sufficient to pierce the corporate veil of the corporation.'" (citation omitted)).

However, "[i]t is not necessary to pierce the corporate veil . . . if an individual is a direct participant in the alleged improper conduct." Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc., 657 F. Supp. 2d 1279, 1287-88 (M.D. Fla. 2009). Indeed, "if an officer, director, or agent commits or participates in a tort, whether or not his actions are by authority of the corporation or in furtherance of the corporate business, that individual will be liable to third persons injured by his actions, regardless of whether liability attaches to the corporation for the tort." Special Purposes Accts. Receivable Coop. Corp. v. Prime One Cap. Co., 125 F. Supp. 2d 1093, 1104 (S.D. Fla. 2000).

Here, the second amended counterclaim and amended third-party complaint do not rest on or allege a veil-piercing theory. (Doc. # 49). To the contrary, they allege that Cureton "is a direct participant" in both counts for conversion and tortious interference. (Id. at ¶¶ 16, 21). As to Count II, 3

6

Delta alleges that Cureton, as a managing member of BrewFab, directed BrewFab to refuse to return 3 Delta's property. (Id. at ¶¶ 3, 16). And, Count III alleges that Cureton "personally" made calls to interfere with 3 Delta's relationship with Maverick Farms. (Id. at ¶¶ 21). This is sufficient at this juncture. See Collier HMA Physician Mgmt., LLC v. NCH Healthcare Sys., Inc., No. 2:18-cv-408-SPC-MRM, 2019 WL 277733, at *7 (M.D. Fla. Jan. 22, 2019) ("Plaintiffs state they do not seek to pierce the corporate veil but, rather, want to recover under a theory that each Defendant engaged in direct wrongdoing and are liable as a direct participant in the improper conduct. . . . A review of the Amended Complaint shows Plaintiffs allege [] Defendants committed wrongdoing. Because the Court is not persuaded that Plaintiffs seek to hold [Defendants] liable on a veil-piercing theory, the Amended Complaint survives the motion to dismiss stage."). Accordingly, the Court declines to dismiss Counts II and III for failing to sufficiently plead a veil-piercing theory.

The Court therefore turns to the argument that Counts II and III are lumped together such that they constitute shotgun pleadings. (Doc. # 50 at 7). The Court disagrees. The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple

counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1322-23 (11th Cir. 2015). "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

BrewFab and Cureton argue that Counts II and III fall within the fourth category of impermissible shotgun pleadings identified in Weiland. (Doc. # 50 at 7-8). Although not a model of clarity, the Court finds that 3 Delta sufficiently explains BrewFab and Cureton's roles in each alleged tort. As noted, Cureton allegedly participated in the conversion by directing 3 Delta to refuse to return 3 Delta's property. (Doc. # 49 at ¶ 16). 3 Delta, in its own right, obtained

BrewFab's property and failed to return it. (Id. at ¶¶ 14-16). Regarding the tortious interference claim, Cureton allegedly personally made calls to Maverick Farms. (Id. at ¶ 21). Other BrewFab employees also made such calls. (Id.). This provides BrewFab and Cureton with sufficient notice of the claims against it. Accordingly, the Court declines to dismiss Counts II and III as shotgun pleadings or require a more definite statement. See FFC Mortg. Corp. v. Red Door Title Ins. Agency, Inc., No. 13-61132-Civ-SCOLA, 2013 WL 12138556, at *3 (S.D. Fla. Dec. 12, 2013) ("These are specific acts that are connected to specific Defendants. The Court therefore finds that FFC has not simply lumped the Defendants together but has provided the specific acts attributable to Pollack and Martinez to give sufficient notice of the allegations . . . against them.").

### B. Motion to Strike

Next, BrewFab and Cureton move to strike 3 Delta's request for punitive damages in Count III, arguing that it "has failed to meet the substantive pleading requirements stated in Fla Stat. § 768.72." (Doc. # 51 at 1-2; Doc. # 49 at ¶ 24). 3 Delta responds that it has "allege[d] sufficient facts to support [its] request." (Doc. # 55 at 2).

"Federal courts sitting in diversity are required to

apply state substantive law and federal procedural law. . . . Federal procedural rules govern over conflicting state law." Moss v. Liberty Mut. Fire Ins. Co., No. 3:16-cv-677-BJD-JBT, 2017 WL 4676629, at *3 (M.D. Fla. Aug. 18, 2017) (citations omitted). "The Eleventh Circuit has held that the portion of [Fla Stat. § 768.72] prohibiting pleading punitive damages in the initial complaint conflicts with Federal Rule of Civil Procedure 8(a)(3) and therefore does not apply." McFarland v. Conseco Life Ins. Co., No. 3:09-cv-598-MCR, 2009 WL 3231634, at *1 (M.D. Fla. Oct. 2, 2009) (citation omitted). "However, the [Eleventh Circuit] also determined the substantive pleading standard [of] Section 768.72 (requiring a 'reasonable showing' that demonstrates 'a reasonable basis for recovery of such damages') does not conflict with Federal Rule of Civil Procedure Rule 8(a)(2) (permitting a 'short and plain statement of the claim') because a prayer for punitive damages is not a 'claim' within the meaning of that Rule." Id. (citations omitted).

Thus, "under Section 768.72, a plaintiff must allege specific acts committed by the defendant demonstrating intentional misconduct or gross negligence." Allan v. Falcon Transp. Co., No. 6:17-cv-1747-GJK, 2018 WL 6626796, at *4 (M.D. Fla. Apr. 6, 2018) (citing Porter v. Ogden, Newell &

10

Welch, 241 F.3d 1334, 1341 (11th Cir. 2001)). "[M]erely setting forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages." Porter, 241 F.3d at 1341.

Here, the Court finds that 3 Delta has alleged sufficient facts demonstrating intentional misconduct so as to survive a motion to strike. In Count III, 3 Delta avers that BrewFab and Cureton were "expressly informed" of 3 Delta's relationship with Maverick Farms, of Maverick Farms' commitment to invest in [3 Delta], and of [3 Delta's] need for Maverick Farms' investment capital." (Doc. # 49 at ¶ 20). Despite this, in July 2020, "BrewFab and [Cureton] made several calls to Maverick Farms," telling it "not to invest in [3 Delta]." (Id. at ¶ 21). Also during these calls, BrewFab and Cureton made specific "false and disparaging" comments about 3 Delta. (Id.). Namely, they told Maverick Farms that 3 Delta's product did not work, that it would take 3 Delta "at least 18 months" for its product to work, and that 3 Delta "and its principals were liars who could not be trusted." (Id.). And, BrewFab and Cureton allegedly contacted a number of other parties with whom 3 Delta had business relationships in the same manner, including Owyhee Produce, LLC, and Performance Feed Screw, Inc. (Id. at ¶ 24). Count III further

alleges that BrewFab and Cureton did so with the intent of interfering with 3 Delta's relationships. (Id. at ¶ 21).

These acts are sufficiently pled under Section 768.72. See McFarland, 2009 WL 3231634, at *1-2 ("The Court finds the allegations set forth in Plaintiff's Complaint do not parrot the statutory language, rather; they set forth fact specific allegations relating to the intentional misconduct and gross negligence of the defendant. . . . Therefore, Plaintiff's Complaint contains a reasonable showing that demonstrates a reasonable basis for the recovery of punitive damages."). Thus, the Court declines to strike 3 Delta's request for punitive damages at this juncture. See Triton II, LLC v. Randazzo, No. 18-cv-61469-BLOOM/Valle, 2019 WL 1777726, at *9 (S.D. Fla. Apr. 23, 2019) (declining to strike a request for punitive damages at the motion to dismiss stage).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff and Counterclaim-Defendant BrewFab, LLC, and Third-Party Defendant Rick Cureton's Motion to Dismiss Second Amended Counterclaim and Amended Third-Party Complaint (Doc. # 50) is **DENIED.**

(2) BrewFab and Cureton's Motion to Strike (Doc. # 51) is **DENIED.**

(3) BrewFab and Cureton's answers to the second amended counterclaim and amended third-party complaint are due by **August 3, 2021.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of July, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE
